UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AURORA LOAN SERVICES, LLC.,<br><br>    Plaintiff,<br><br>v.<br><br>JESSIE TORRES,<br><br>    Defendant. | Case No.: C 11-0586 PSG<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE WITH RECOMMENDATION THAT CASE BE REMANDED TO STATE COURT BASED ON LACK OF JURISDICTION** |

On February 8, 2011, Defendant removed this action from state court to federal court. Defendant contends removal is proper based on diversity jurisdiction. However, Defendant fails to allege that there is more than $75,000 in dispute, which is a prerequisite for diversity jurisdiction under 28 U.S.C. section 1332(a)(1). On its face, Plaintiff's complaint asserts that the amount demanded does not exceed $10,000. Therefore, based on the file herein,

IT IS HEREBY ORDERED that this case be reassigned to a district judge,[1] with a

---

[1] Magistrate judges have authority to issue final dispositive rulings only in cases where all parties have consented to the jurisdiction of the magistrate judge. *See* 28 U.S.C. § 636(c)(1). The Ninth Circuit has left open the question of whether a remand to state court is a "pretrial matter" which may be referred to a magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). *See Nasca v. Peoplesoft*, 160 F.3d 578, 580 n. 3 (9th Cir. 1998) ("We express no opinion regarding [the magistrate judge's] authority [to remand the case] had the matter been referred under 28 U.S.C. § 636(b)"). It nonetheless appears that all other appellate courts that have addressed the issue have found that remand is not merely a pretrial matter. *See, e.g., In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3rd Cir. 1998) (finding that a remand order is the "functional equivalent" of an order of dismissal for purposes of section 28 U.S.C. § 636(b)(1)(A)). Accordingly, out of an abundance of caution, the court proceeds by way of a recommendation and reassignment order.

ORDER, *page 1*

recommendation that the case be remanded to state court based on lack of subject matter jurisdiction.[2] In unlawful detainer actions "the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy."[3]  Here, Plaintiff seeks damages accruing at the rate of $50 per day from November 9, 2009.  Because the damages Plaintiff seeks from the unlawful possession of the property do not exceed $75,000 (thus far, they total approximately $22,900),[4] this court lacks jurisdiction.

Dated:  *February 11, 2011*

　　　　　　　　　　　　　　　　　　 _____
　　　　　　　　　　　　　　　　　　 PAUL S. GREWAL
　　　　　　　　　　　　　　　　　　 United States Magistrate Judge

---

[2] *See, e.g., Litton Loan Servicing, L.P. v. Villegas*, Case No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D.Cal. Jan. 21, 2011) (remanding unlawful detainer action to state court where complaint sought less than $10,000, as stated prominently on the face of the complaint).

[3] *Id.*

[4] This $22,900 figure is the approximate product of the daily rental value claimed by Plaintiff and the claimed number of days of unlawful possession.  The court expresses no opinion as to whether Plaintiff's filing of its action as a "Limited Civil Case" and its statement on the face of the complaint that the "amount demanded does not exceed $10,000" restricts the amount it may recover to $10,000.  Whether the damages are $10,000 or $22,900, diversity jurisdiction does not exist.

1
2  *Counsel automatically notified of this filing via the court's Electronic Case Filing system.*
3  copies mailed on   *2/11/11*   to:
4  Jessie Torres
   37A Union Street
5  San Jose, CA 95110
6
7                                              /s/   Donna Kirchner   for
                                               OSCAR RIVERA
                                               Courtroom Deputy
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28